338

District Court, E. D. New York.
April 21, 1939.

Sydney G. Berry, of New York City (Albert J. Fihe, of New York City, of counsel), for plaintiff.

Maxwell E. Sparrow, of New York City (Philip Davis, of New York City, of counsel), for defendant.

ABRUZZO, District Judge.

This is an action brought for an alleged copyright infringement and unfair competition. The subject matter involved comprises an advertising and gift novelty made of cardboard, the outside of which resembles a traveling bag with the words "They're Off" appearing thereon. When the flap of the cardboard is opened, there appears a pair of doll's rubber panties, imprinted with the words "So What".

On the face of the cardboard, where the wording "They're Off" appears, there is a picture of a racehorse with a jockey astride him. There is also on the outside of the cardboard the words "Greetings from Chicago" (or some other city), and the words "It's in the Bag" (plaintiff's exhibit 1, record page 7).

Plaintiff's article was copyrighted on March 23, 1938 (plaintiff's exhibit 2). There was also copyrighted by the plaintiff an advertising placard used in connection with the sales of this article (plaintiff's exhibits 3 and 4).

The testimony of the plaintiff indicates that he started selling his item about the middle of 1937. At that time he purchased the doll's rubber panties from the defendant. Plaintiff's sales dropped off in 1938 when the defendant's articles appeared on the market.

The questions presented for the Court's consideration are whether the plaintiff has a valid copyright and whether the copyright has been infringed by the defendant. The question of infringement naturally suggests the claim of unfair competition.

In plaintiff's exhibit "B", the article copyrighted refers to a title of a book, set forth in this manner "It's in the Bag. Greetings from Chicago. By Michael Jackson". In exhibit "C", the copyright is referred to as a print and sets forth the title "It's in the Bag, for Souvenirs". Plaintiff undoubtedly copyrighted the idea of coupling a cardboard wrapper, resembling a handbag or traveling case, with a pair of doll's rubber panties, with certain wording thereon.

To this claim, the resistance of the defendant takes form in various defenses. A paper souvenir, resembling a handbag or traveling case comparable to the plaintiff's was known and had been copyrighted in 1936 (defendant's exhibit "E"). A careful scrutiny of this exhibit shows a close similarity to the plaintiff's article and they are substantially identical. The words "It's in the Bag" appear on the face of the defendant's exhibit. Other remarks on defendant's exhibit "E" are designed to entertain the receiver.

Defendant's exhibit "E" could very readily have suggested to the plaintiff the use of the form of a traveling bag for a souvenir. The language contained in defendant's exhibit "E", designed to entertain the receiver, could have suggested to the plaintiff a similar idea. Defendant's exhibit "E", to be sure, did not include doll's rubber panties. There seems to be no dispute that doll's rubber panties, similar to those in plaintiff's original copyrighted article, for many years previous to plaintiff's copyright were in use. The adding of doll's rubber panties to the cardboard folder was the plaintiff's idea, but it is inconceivable to make a holding that doll's rubber panties are in any way a part of a book or print.

Plaintiff assembled and made an aggregation of old materials. Nothing new or novel is contained in the plaintiff's work.

It is a use of a combination of old methods. It is well settled that the mere aggregating of old material does not amount to ordinary skill sufficient to lend copyrightability as indicated in the case of Bullinger v. Mackey, 4 Fed.Cas. pages 649, 653, No. 2,127, which reads as follows:

"But, it is said that the plaintiff was the first to combine the methods employed by him to convey his information, and is, therefore, the author of a new combination of methods, to which he has the exclusive right. It is true, that, in no single prior publication, is there to be found in use all the methods of conveying information employed by the plaintiff in his work, but each of those methods has been used before, and none are original with him. * *

"Here, there is no new combination of material, constituting a new and original work. There is a use, perhaps, a combination, of old methods, but it can scarcely be said that a new method of illustrating the subject has been produced."

The case of Deutsch v. Arnold et al., 2 Cir., 98 F.2d 686, 688, appears to be distinguishable from the action at issue. The opinion of the Circuit Court suggested that the chart in question in the Deutsch matter "was an arrangement and combination in new form and was clearly an original work within the meaning of the copyright law."

A comparison of plaintiff's copyrighted matter and defendant's exhibit "E" discloses a very close similarity between the prior art and the plaintiff's work. Both are cardboard packages resembling traveling bags and both have printed on the face of the package the words "It's in the Bag". When opened there is also a close similarity in the two. The plaintiff's has doll's rubber panties enclosed and defendant's exhibit "E" contains writing designed to entertain. Undoubtedly, the doll's rubber panties were enclosed in plaintiff's article in order to entertain.

Since doll's rubber panties were made long before the plaintiff copyrighted his article, it would appear that this case does not come within the purview of the decision in the matter of Deutsch v. Arnold, supra.

The plaintiff is, therefore, not entitled to a judgment sustaining his copyright. In view of this finding, it is unnecessary to pass upon the matters of infringement and unfair competition.

Decree for defendant.